**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4874**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SHAQUAN DONDREL MANSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:14-cr-00009-BO-1)

Submitted:  June 29, 2015        Decided:  July 31, 2015

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Robert E. Waters, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaquan Dondrel Manson appeals his conviction and 166-month sentence imposed following a guilty plea to Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (2012), and using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2012). Manson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court imposed a substantively unreasonable sentence. Manson was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver provision in Manson's plea agreement. Manson opposes dismissal. For the reasons that follow, we grant the motion and dismiss the appeal.

We review de novo the issue of whether a defendant has validly waived his right to appeal. United States v. Davis, 689 F.3d 349, 354-55 (4th Cir. 2012). Where, as here, the Government seeks to enforce the waiver and there is no claim that the Government breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within its scope. United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his appellate rights. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). While the adequacy of the plea colloquy is central to this determination, "the issue ultimately is evaluated by reference to the totality of the circumstances[,] . . . including the background, experience, and conduct of the accused." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). "[A] waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010) (internal quotation marks omitted).

Our review of the record indicates that Manson's waiver was knowing and intelligent. The waiver provision was unambiguous and prominently displayed on the first page of the plea agreement. Manson was represented by counsel, and he testified that he had spoken with his lawyer about the agreement. Both Manson and his counsel signed the agreement, effectively "represent[ing] by their signatures to the plea agreement that [Manson] had been fully advised about, and understood, its

3

terms." Blick, 408 F.3d at 169. Additionally, during its description of Manson's plea agreement, the district court advised Manson that he waived his right to appeal. While the court did not explain the terms or scope of the appeal waiver, or ask Manson whether he understood the waiver or the court's description of the plea agreement, these omissions, "standing alone, [do] not invalidate the waiver." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Viewing the totality of the circumstances, we conclude the waiver is valid and enforceable.

Manson agreed to waive his right to appeal both his conviction and sentence, except for a sentence above the Guidelines range established at sentencing and claims of ineffective assistance of counsel or prosecutorial misconduct unknown to Manson at the time of his guilty plea. Manson was sentenced within the applicable Guidelines range, and counsel's challenge to the substantive reasonableness of his sentence falls squarely within the waiver's compass.

We have thoroughly reviewed the record in accordance with Anders and have identified no potentially meritorious issues that fall outside the scope of the appeal waiver. We therefore grant the motion to dismiss Manson's appeal. This court requires that counsel inform Manson, in writing, of the right to petition the Supreme Court of the United States for further

review. If Manson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED