**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4175**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

PHONG DINH TRAN, a/k/a Tran Tran, a/k/a Randy Tran,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:13-cr-00645-WDQ-1)

Submitted: August 27, 2015          Decided: September 1, 2015

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Woll, WOLL & WOLL, PA, Bethesda, Maryland, for Appellant. Leo Joseph Wise, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phong Dinh Tran pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012). On appeal, he argues that the district court erred in denying his motion to withdraw his guilty plea. The Government has filed a motion to dismiss the appeal pursuant to the appellate waiver contained in Tran's plea agreement. We deny the motion to dismiss and affirm.

"It is well settled that a criminal defendant may waive the statutory right to appeal his sentence." United States v. Archie, 771 F.3d 217, 221 (4th Cir. 2014), cert. denied, 135 S. Ct. 1579 (2015). "[T]he waiver will be enforced to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." Id. We review an appellate waiver's validity de novo. United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

We conclude that Tran's appellate waiver does not prevent our review of the district court's denial of his motion to withdraw his guilty plea. Even a valid waiver of appellate rights will not foreclose a colorable constitutional challenge to the validity of a guilty plea. United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). Because Tran's motion to

2

withdraw was premised on his claim that his plea was not knowing, we deny the government's motion to dismiss the appeal.

We review the denial of a plea withdrawal motion for abuse of discretion. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[T]he defendant bears the burden of demonstrating that withdrawal should be granted." Thompson-Riviere, 561 F.3d at 348 (internal quotation marks omitted). Where, as here, the district court substantially complies with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In deciding a plea withdrawal motion, the district court must consider the six factors established in United States v. Moore, 931 F.2d 245 (4th Cir. 1991). Thompson-Riviere, 561 F.3d at 348. We have reviewed the record in this case and, after carefully considering these factors, conclude that the district court did not abuse its discretion in denying Tran's motion to withdraw his guilty plea.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED