**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4780**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LEE ALTMANN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:16-cr-00027-IMK-MJA-1)

Submitted: May 22, 2017                    Decided: May 30, 2017

Before WILKINSON, NIEMEYER, and HARRIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Deirdre H. Purdy, Chloe, West Virginia, for Appellant. Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Altmann pled guilty, pursuant to a written plea agreement, to one count of bank fraud, in violation of 18 U.S.C. § 1344 (2012). The district court sentenced Altmann to 12 months and 1 day of imprisonment and to a 5-year term of supervised release. On appeal, Altmann argues that the Government engaged in prosecutorial misconduct at sentencing by relying on unsubstantiated evidence regarding a victim's loss to support its position that a custodial sentence should be imposed and that sentencing counsel was ineffective in his representation for failing to object to the same. Altmann further asserts that his sentence is procedurally unreasonable in terms of the district court's analysis of the relevant 18 U.S.C. § 3553(a) (2012) sentencing factors. Relying on the waiver of appellate rights in Altmann's plea agreement, the Government moves to dismiss this appeal as to Altmann's challenge to his sentence. We affirm in part and dismiss in part.

We first turn to Altmann's contention that the Government committed prosecutorial misconduct by making certain unsubstantiated statements in support of its sentencing position. To establish such a claim, Altmann must demonstrate "that the prosecutor's remarks or conduct were improper" and that they prejudicially affected his substantial rights. *United States v. Caro*, 597 F.3d 608, 624-25 (4th Cir. 2010) (internal quotation marks omitted). Because Altmann did not raise his claim of prosecutorial misconduct in the district court, we review for plain error only. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). Our review of the transcript of Altmann's sentencing

revealed no misconduct or prejudicially improper remarks by the prosecutor. We thus reject this argument.

Altmann next contends that his sentencing attorney rendered constitutionally deficient performance by failing to object to the same statements that formed the basis for his prosecutorial misconduct claim. A defendant may raise a claim of ineffective assistance of counsel on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). The record in this case does not conclusively show that counsel provided ineffective assistance; thus, Altmann's claim is properly raised, if at all, in a § 2255 motion rather than on direct appeal.

Finally, the Government contends that the appeal waiver in Altmann's plea agreement forecloses our review of Altmann's assertion of procedural sentencing error. We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." *Id.* (internal quotation marks omitted). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the

experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, "and the record indicates that the defendant understood the full significance of the waiver," *id.*, we will uphold the waiver as valid and enforceable, *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

On this record, we conclude that Altmann knowingly and voluntarily agreed to the waiver provision in his plea agreement. The district court fully questioned Altmann at the Rule 11 hearing to ensure his understanding and voluntary acceptance of the appeal waiver, which was set forth in plain terms in the plea agreement.

We further conclude that the sentencing claim Altmann presses on appeal falls squarely within the scope of the waiver. Specifically, Altmann waived his right to appeal any within- or below-Guidelines sentence including "the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742," excepting only those claims based on ineffective assistance of counsel or prosecutorial misconduct. (J.A. 79).[*] Altmann argues in his opening brief that the district court procedurally erred in terms of analyzing the relevant § 3553(a) sentencing factors and weighing the mitigating evidence. We agree with the Government that the

---

[*] Citations to the "J.A." refer to the joint appendix submitted by the parties.

4

broad waiver provision in Altmann's plea agreement precludes appellate review of this argument.

Accordingly, we affirm the district court's judgment with respect to Altmann's claims that the Government engaged in prosecutorial misconduct and that counsel's performance at sentencing was constitutionally deficient, and we dismiss Altmann's appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*