**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5203**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

CHARLES STEPHEN CADLE,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Irene C. Berger,
District Judge. (5:10-cr-00083-1)

Submitted:  May 16, 2012               Decided:  May 31, 2012

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Christopher D. Lefler, LEFLER & BOGGS, Beckley, West Virginia,
for Appellant.   R. Booth Goodwin II, United States Attorney,
John L. File, Assistant United States Attorney, Beckley, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Stephen Cadle pled guilty to an information charging him with aiding and abetting the distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (2006). In his plea agreement, Cadle waived his right to appeal a sentence within the Guidelines range, but reserved the right to challenge the district court's determination of his role in the offense if the issue was preserved by an objection. Cadle was sentenced to a term of fifty-seven months' imprisonment, the bottom of his sentencing Guidelines range. Cadle contends on appeal that the district court clearly erred in finding that his role in the offense was that of an organizer, leader, manager, or supervisor warranting a two-level adjustment under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2011). He also claims that his sentence was procedurally and substantively unreasonable. We affirm in part and dismiss in part.

During a drug investigation in 2009, a confidential informant bought oxycodone on three occasions at Cadle's home. The first time, Cadle told the informant that his daughter, Chrystal, would conduct the transaction. Chrystal asked another person, Kenneth Cline, to go next door and get the drugs. She then handed the drugs to the informant and took the money. On the next two occasions, the informant went to Cadle's house and bought oxycodone from Chrystal each time. After a search

2

warrant was executed at Cadle's home in October 2009, and various prescription medications were located in a safe, Cadle gave a statement to investigators. He said he bought prescription medications from other people and resold them, usually through Chrystal. Cadle's wife also gave a statement, which corroborated her husband's account. Chrystal initially refused to give a statement, but in 2011 she spoke to investigators and told them that she had sold oxycodone for her father, and for Kenneth Cline, for about a year. She said Cadle paid her in oxycodone pills, to which she was addicted.

The district court's determination that a defendant qualifies as a "leader" under USSG § 3B.1.1(c) is a factual finding reviewed for clear error. United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009). A defendant merits a two-level adjustment if he was an "organizer, leader, manager, or supervisor" in any criminal activity that did not involve five or more participants and was not otherwise extensive. USSG § 3B1.1(c). To qualify for the adjustment, the defendant must have been "an organizer, leader, manager or supervisor of people." United States v. Sayles, 296 F.3d 219, 226 (4th Cir. 2002). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

3

Here, Cadle contends that the evidence showed only that he obtained drugs and allowed his daughter to sell them, but not that he exercised decision-making authority or control over other participants. However, the district court had before it statements from three participants in the sale of drugs from Cadle's home, which established that Cadle directed Chrystal to sell oxycodone and other drugs to customers and kept all the proceeds, paying Chrystal in pills to support her addiction. On this evidence, the district court did not clearly err in finding that the aggravated role adjustment was appropriate.

Cadle next maintains that the district court procedurally erred when it applied the § 3B1.1(c) adjustment and also that his within-Guidelines sentence was substantively unreasonable because it was greater than necessary to fulfill the sentencing goals of 18 U.S.C. § 3553(a) (2006). See Gall v. United States, 552 U.S. 38, 51 (2007) (standard of review). Cadle does not address the waiver provision in his plea agreement. However, the government seeks to enforce the waiver.[1]

A waiver of appeal rights is reviewed de novo, and is enforceable if it is knowing and voluntary, and the issue raised on appeal is within the scope of the waiver. United States v.

_____

[1] The government concedes that Cadle reserved the right to appeal the role adjustment under USSG § 3B1.1(c).

4

Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Generally, a waiver is valid if the district court questions the defendant about the waiver during the guilty plea hearing and the record demonstrates that the defendant understood the significance of the waiver. Id. Here, the district court asked Cadle whether he understood that he was agreeing to give up his right to appeal his sentence "on any ground whatsoever," as long as the sentence was within or below the Guidelines range. Cadle answered that he did. Cadle does not challenge the validity of his waiver. We conclude that the waiver is enforceable.[2]

We therefore affirm the district court's judgment, but dismiss that portion of the appeal in which Cadle seeks review of the reasonableness of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

---

[2] We note that, even if the waiver were not enforceable, Cadle has not shown that his sentence is either procedurally or substantively unreasonable. The court did not err procedurally in calculating Cadle's Guidelines range. Moreover, an appellate court may treat a sentence within a correctly calculated Guidelines range as presumptively reasonable. Rita v. United States, 551 U.S. 338, 346 (2007). Although the presumption is rebuttable, see United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010), Cadle has not rebutted the presumption.