**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4125**

─────────────

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

DAVID CRUMMY, a/k/a Disco Dave,

    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:11-cr-00105-F-1)

─────────────

Submitted: March 25, 2014    Decided: May 29, 2014

─────────────

Before KEENAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

─────────────

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Crummy seeks to appeal the 180-month sentence imposed by the district court after he pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute 280 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 846 (2012), and the district court's denial of his motion for recusal. On appeal, Crummy asserts that the district court should have granted his motion for recusal and that his sentence is unreasonable. The Government asserts that Crummy's appeal of his sentence should be dismissed based on the waiver of appellate rights included in the plea agreement. Finding no error, we affirm in part and dismiss in part.

First, Crummy argues that the district court should have recused itself. We review a recusal decision for abuse of discretion. United States v. Whorley, 550 F.3d 326, 339 (4th Cir. 2008). A district court should grant a motion for recusal if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2012);[*] see United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). "[R]emarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or

---

[*] We reject Crummy's attempt for the first time on appeal to rely on 28 U.S.C. § 144 (2012), as a basis for recusal.

their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994).

Crummy argues that the district court's comments during a co-conspirator's sentencing proceeding indicate that it may not have been impartial or that it relied on extrajudicial sources. We have carefully reviewed the record on appeal and conclude that Crummy's contentions are without merit. The district court had extensive prior involvement in Crummy's and his co-conspirators' cases and would have reviewed Crummy's background in order to properly evaluate the 18 U.S.C. § 3553(a) (2012) factors. Moreover, the district court's comments in this case did not rise to the type of "particularly egregious conduct" warranting recusal. Belue v. Leventhal, 640 F.3d 567 573 (4th Cir. 2011). Accordingly, the district court did not abuse its discretion in denying Crummy's recusal motion.

Next, Crummy argues that his sentence is unreasonable because he should have received a greater reduction for his substantial assistance. Where, as here, the government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if it was knowing and intelligent and the issues raised on appeal fall within its scope. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). We review the validity of an appellate waiver

3

de novo.  United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010).

Crummy does not assert on appeal that the appellate waiver was not knowing or intelligent or that his agreement to the waiver was in any way involuntary.  Our review of the plea hearing transcript confirms that Crummy was competent to plead guilty and that he understood the terms of the plea agreement. The court specifically questioned Crummy about the appellate waiver and ascertained that he understood he was waiving his right to appeal his sentence by entering the plea agreement. See United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.), cert. denied, 133 S. Ct. 196 (2012).  Because the district court sentenced Crummy well below the statutory maximum and below the bottom of the applicable Guidelines range, and he raises no sentencing claim outside the scope of the waiver, we conclude that the waiver is valid and enforceable.

Accordingly, we dismiss Crummy's appeal of his sentence and affirm the district court's denial of Crummy's recusal motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4