**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4810**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES LOYAL LIKEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:15-cr-00135-FL-1)

Submitted: June 6, 2017                                      Decided: July 11, 2017

Before KING, AGEE, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Loyal Liken pleaded guilty, pursuant to a written plea agreement, to armed bank robbery with abduction, in violation of 18 U.S.C. §§ 2113(a), (d), and (e); robbery of a gas station that unlawfully affected commerce, in violation of 18 U.S.C. § 1951; and bank robbery with a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d). The district court—relying on a Sentencing Guideline imprisonment range of 135 to 168 months—sentenced Liken to concurrent 147 month terms of imprisonment. On appeal, Liken challenges the district court's application of a four-level abduction enhancement that impacted his Guideline offense level and, by extension, his Guideline imprisonment range. The Government has moved to dismiss Liken's appeal on the basis of an appeal waiver contained in Liken's plea agreement. For the reasons that follow, we grant the Government's motion and dismiss Liken's appeal.

An appeal waiver "preclude[s] a defendant from appealing a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). We review the validity and effect of an appeal waiver de novo. *Id.*

After reviewing the record, including the district court's thorough plea colloquy, we find that Liken agreed to his appeal waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Therefore, we conclude that the appeal waiver is valid.

We also conclude that Liken's appeal falls within the scope of his valid appeal waiver. Specifically, Liken's challenge to the district court's offense level determination

2

is foreclosed by Liken's waiver of the right to appeal "whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range." J.A. 151.[*]

Accordingly, we dismiss Liken's appeal of the district court's sentencing decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

DISMISSED

---

[*] This broad waiver is subject to exceptions that permit appeals from sentences that exceed the applicable Guidelines imprisonment range, as well as appeals premised on certain ineffective assistance of counsel or prosecutorial misconduct claims. J.A. 151. However, Liken's 147-month sentence was within the 135 to 168 month range calculated by the district court, and Liken has not alleged any issues with his counsel or with the prosecutor. Thus, the above-described appeal waiver exceptions are irrelevant in this case.