**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4402**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JERRY WAYNE GRANT,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:16-cr-00048-RLV-DSC-1)

Submitted:  July 26, 2018                 Decided:  September 7, 2018

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Roderick M. Wright, Jr., WRIGHT LAW FIRM, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Wayne Grant seeks to appeal his conviction and 216-month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). Grant argues on appeal that the Government committed prosecutorial misconduct by failing to abide by the terms of his plea agreement. He further claims that the district court erred in sentencing him as a career offender. The Government has moved to dismiss the appeal based on a waiver of appellate rights in Grant's plea agreement. We affirm in part and grant the Government's motion to dismiss in part.

> A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary. We review the issue of whether a defendant effectively waived his right to appeal de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver.

*United States v. Davis*, 689 F.3d 349, 354-55 (4th Cir. 2012) (internal citation omitted). "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent," which we determine by assessing the totality of the circumstances. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Grant knowingly and voluntarily waived his right to appeal.

The language of Grant's appellate waiver excludes from its scope claims of prosecutorial misconduct. Moreover, an appeal waiver "cannot foreclose an argument that the government breached its obligations under the plea agreement." *United States v. Tate*, 845 F.3d 571, 574 (4th Cir. 2017) (internal quotation marks omitted). However,

2

having carefully reviewed the record, we hold that the Government's challenged actions constituted neither a breach of Grant's plea agreement nor prosecutorial misconduct. Accordingly, while we deny the Government's motion to dismiss as it relates to these issues, we find no reversible error and thus affirm the district court's judgment in part.

We further conclude that the sentencing issues Grant seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights. Therefore, we grant the Government's motion to dismiss in part and dismiss the appeal as to Grant's challenge to his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*