**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4887**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DION ALEXANDER, a/k/a Will,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge.  (1:16-cr-00364-RDB-11)

Submitted:  February 24, 2020      Decided:  February 28, 2020

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior
Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant.
James Thomas Wallner, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dion Alexander appeals his conviction and 108-month sentence imposed following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) agreement, to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2018). On appeal, Alexander contests the validity of his guilty plea and the propriety of the district court's decision to accept the plea agreement. The Government has moved to dismiss the appeal based on the appeal waiver provision contained in the Rule 11(c)(1)(C) agreement. For the reasons that follow, we dismiss in part and affirm in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). However, a valid appeal waiver will not preclude a defendant from raising issues on appeal that "fall within the narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights," *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005), which includes colorable challenges to the validity of the defendant's guilty plea, *see United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994).

At the Rule 11 hearing, Alexander expressed concern that police misconduct tainted some of his prior state court convictions, thereby inflating his criminal history and resulting in an unwarranted career offender designation. The district court assured Alexander that these prior convictions would not impact his sentence, given that the parties had agreed to

a prison term of 108 months, well below the 155-to-188-month Sentencing Guidelines range produced by the career offender enhancement. On appeal, Alexander contends that the court misled him because, absent these offenses, the top end of his Guidelines range might have been lower than 108 months. However, the court was correct that, because Alexander entered into a Rule 11(c)(1)(C) agreement, he was bound by the parties' joint sentencing recommendation, regardless of the validity of the state offenses. Thus, we conclude that the court properly advised Alexander as to the relevance of the state convictions at issue, and we therefore affirm Alexander's conviction.

Next, Alexander asserts that, in the course of satisfying itself that a 108-month sentence was appropriate, *see* U.S. Sentencing Guidelines Manual § 6B1.2(c), p.s. (2016), the court miscalculated the Guidelines range that would have applied had the disputed state offenses been expunged. We conclude that this argument—essentially arising from a purported Guidelines error—falls within the scope of Alexander's valid appeal waiver.[*]

Accordingly, we deny the Government's motion to dismiss as to Alexander's guilty plea challenge and affirm Alexander's conviction. As to Alexander's remaining claims, we grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] We further reject Alexander's contention that this claim is not subject to waiver because it arose from a Fed. R. Crim. P. 35(a) error or ineffective assistance or counsel that conclusively appears from the face of the record. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).