**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4636**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNELL MAURICE PITTMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00348-FL-1)

Submitted: April 14, 2020                                    Decided: April 16, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Terry F. Rose, TERRY F. ROSE, ATTORNEY AT LAW, Smithfield, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Pittman pled guilty, pursuant to a written plea agreement, to possession with intent to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2018), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2018). The district court sentenced Pittman to 101 months' imprisonment. On appeal, Pittman argues that the district court improperly calculated his base offense level by relying on a quantity of cocaine attributed to him outside the offense date. The Government has moved to dismiss the appeal as barred by Pittman's waiver of the right to appeal included in his plea agreement.

An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

2

Our review of the Rule 11 colloquy and the plea agreement confirms that Pittman knowingly and voluntarily waived the right to appeal his sentence and that Pittman's claim that the district court miscalculated his Sentencing Guidelines range falls squarely within the scope of the waiver. We therefore enforce the appellate waiver and grant the Government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*