**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4936**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNELL LEE, a/k/a D,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:18-cr-00033-FL-1)

Submitted:  March 29, 2021                                    Decided:  April 30, 2021

Before GREGORY, Chief Judge, MOTZ, and HARRIS, Circuit Judges.

Dismissed in part, denied in part, and vacated and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Lee pled guilty, pursuant to a written plea agreement, to two counts of distribution and possession with intent to distribute heroin and cocaine base and possession with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). The district court sentenced Lee to 128 months' imprisonment, followed by a three-year term of supervised release. On appeal, Lee raises two primary arguments. First, Lee alleges that the district court erred in designating him a career offender because it improperly considered North Carolina second-degree murder as a predicate "crime of violence" under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2018). Second, Lee argues that the district court erred in imposing two nonmandatory special conditions of supervised release in its written judgment that were not orally pronounced at the sentencing hearing. The Government initially moved to dismiss the entire appeal as barred by the waiver of appellate rights provision in Lee's plea agreement, but later clarified that it no longer seeks dismissal of Lee's second claim, related to his supervised release conditions. For the reasons that follow, we grant the Government's motion to dismiss in part, deny the motion in part, vacate Lee's sentence, and remand for resentencing.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). With respect to the Sentencing Guidelines challenge, Lee's appellate waiver specifically precludes him from filing an appeal related to "the establishment of the advisory Guideline range." Because Lee's first claim falls squarely within the scope of the appeal waiver, we grant the Government's motion to dismiss as to this claim.

Turning to Lee's second claim, in the district court's written criminal judgment, the court added two nonmandatory conditions of supervised release that it had not pronounced at the sentencing hearing. In *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020), we held "that all non-mandatory conditions of supervised release must be [orally] announced at a defendant's sentencing hearing." This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. We conclude that the court erred by including two nonmandatory conditions in the written criminal judgment that the court had not orally pronounced at the sentencing hearing. Because the court did not properly impose the contested conditions, they were never part of Lee's sentence; consequently, his *Rogers* claim is not barred by his appellate waiver. *See United States v. Singletary*, 984 F.3d 342, 344 (4th Cir. 2021). Where, as here, a district court fails to include in its oral pronouncement at the sentencing hearing nonmandatory conditions of supervised release that it subsequently includes in the written judgment, "the remedy . . . is to vacate the sentence and remand for the district court to resentence [the defendant]." *Id.* at 346.

Accordingly, we grant the Government's motion to dismiss as to Lee's Guidelines claim and deny the motion as to Lee's challenges related to the special conditions of

3

supervised release.  In light of *Rogers* and *Singletary*, we vacate Lee's sentence and remand for resentencing.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, DENIED IN PART,*
*AND VACATED AND REMANDED*

---

[*] On appeal, Lee also argues that one discretionary supervised release condition, concerning his ability to obtain new credit, violated the district court's powers under Article III by impermissibly delegating a judicial function to the probation officer.  "As of now, [Lee] has not been sentenced to the [credit] condition at issue, and there is no justification for assuming that he will be on remand."  *Singletary*, 984 F.3d at 347. Accordingly, we express no opinion on the merits of this issue.