**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4112**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND EDISON,

Defendant - Appellant,

**No. 20-4113**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND EDISON,

Defendant - Appellant.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, District Judge. (1:19-cr-00067-TSK-MJA-1; 1:18-cr-00045-TSK-MJA-3)

Submitted: November 18, 2021                    Decided: November 19, 2021

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Timothy F. Cogan, CASSIDY, COGAN, SHAPELL & VOEGELIN, LC, Wheeling, West Virginia, for Appellant. Randolph J. Bernard, Acting United States Attorney, Zelda E. Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Raymond Edison seeks to appeal the 72-month sentence imposed following his guilty pleas to distribution of Oxycodone within 1000 feet of a protected location, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (h). In its response brief, the Government asks that we dismiss the appeal as barred by the waivers of appellate rights contained in Edison's plea agreements. We dismiss these appeals.

We review de novo the issue of whether a defendant validly waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

A defendant's waiver of rights is valid if he entered it knowingly and intelligently. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). In making this determination, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver provision during the plea "colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

The issues that Edison seeks to raise on appeal are within the scope of his waiver. *See Thornsbury*, 670 F.3d at 537-38. Although counsel questions Edison's understanding

3

based on his poor performance in school, the record shows that his pleas were knowing and voluntary. And while counsel also points to the second plea hearing, where the district court misstated the terms of the waiver, this does not call into question whether Edison's waiver was knowing and voluntary. The Government read the correct language into the record. Moreover, the court's incorrect statement advised Edison that the scope of his appellate waiver was broader than it actually was, so Edison could not have relied on the court's statement to his detriment.

Accordingly, we dismiss these appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*