**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4228**

─────────────

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

COREY LAWSON,

　　　　　　Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:23-cr-00010-JRR-1)

─────────────

Submitted:  April 24, 2025　　　　　　　　　　　Decided:  April 28, 2025

─────────────

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Brent E. Newton, Gaithersburg, Maryland, for Appellant.  Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Lawson appeals his 70-month sentence imposed following his guilty plea to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). On appeal, Lawson argues that the district court plainly erred by unconstitutionally delegating core judicial functions. Specifically, Lawson asserts that by delegating the discretion to supervise Lawson's participation in mental health and substance abuse treatment, including "provider, location, modality, duration, intensity, etc," the court unconstitutionally gave the probation officer authority to require in-patient treatment. In response, the Government argues that Lawson's appeal should be dismissed as barred by the appeal waiver included in his plea agreement and, alternatively, that Lawson's argument is meritless. In his reply, Lawson counters that improper delegation of a core judicial function to the probation officer results in an illegal sentence outside the scope of the waiver.

"We review an [appeal] waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* A claim that a sentence is "illegal," and thus falls outside the scope of an appeal waiver, refers only to a sentence "alleged to have been beyond the authority of the district court to impose"; an illegal sentence is not merely a sentence arising from alleged "legal error." *United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012).

2

We recently decided in *United States v. Williams*, 130 F.4th 177, 187 (4th Cir. 2025), that delegating authority to the probation officer to determine "provider, location, modality, duration, intensity, etc." of mental health and substance abuse treatment programs was not an unconstitutional delegation of a core judicial function but merely a proper delegation of administrative responsibilities. Therefore, Lawson's argument that his sentence is illegal, based on the exact same language in his conditions of supervised release, is foreclosed by binding circuit precedent. *See id.* at 186-87.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*