**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4770**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN THOMAS JOHNSON,

Defendant - Appellant.

_____

**No. 23-4772**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN THOMAS JOHNSON,

Defendant - Appellant.

_____

**No. 24-6087**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN THOMAS JOHNSON,

　　　　　　　Defendant - Appellant.

―――――――――――

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cr-00016-MR-WCM-1; 1:23-cr-00037-MR-WCM-1)

―――――――――――

Submitted:  October 22, 2025                    Decided:  November 14, 2025

―――――――――――

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

―――――――――――

Dismissed in part, affirmed in part by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Shawn Thomas Johnson challenges his conviction and sentence for bank fraud, in violation of 18 U.S.C. § 1344 (Nos. 23-4770, 24-6087), and his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (No. 23-4772). Johnson pled guilty to the bank fraud offense pursuant to a written plea agreement, and he separately pled guilty to the § 922(g)(1) offense without a plea agreement. On appeal, Johnson argues that the district court erred during the Fed. R. Crim. P. 11 colloquy for his bank fraud offense by misadvising him of the possible penalties; that the forfeiture money judgment imposed for the bank fraud offense is unconstitutionally excessive and exceeds the district court's statutory authority; and that § 922(g)(1) is unconstitutional as applied to him.[*] The Government has moved to sever Johnson's appeal of his § 922(g)(1) conviction from the other appeals and to dismiss the other appeals as barred by the appeal waiver in Johnson's plea agreement. We grant the Government's motion to dismiss in part and deny it in part, deny the Government's motion to sever, and affirm Johnson's convictions.

We first address Johnson's claim that the district court misstated the possible penalties for bank fraud during the Rule 11 colloquy. Because Johnson asserts that this alleged error undermined the validity of his guilty plea, his appeal waiver does not bar our

---

[*] Johnson has moved to file a pro se supplemental brief raising additional issues. Because Johnson is represented by counsel who has filed a merits brief, he is not entitled to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). Accordingly, we deny his motion.

review of this claim. *See United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) ("The existence of [an appeal] waiver does not bar our review of the validity of [a] guilty plea." (citation modified)).

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (citation modified). Because Johnson did not move to withdraw his plea or otherwise object during the plea colloquy, we review the validity of his guilty plea only for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). To prevail under this standard, Johnson "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014).

As relevant here, prior to accepting a guilty plea, a district court must conduct a colloquy in which it informs the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release," Fed. R. Crim. P. 11(b)(1)(H), and "any applicable forfeiture," Fed. R. Crim. P. 11(b)(1)(J). Relying on *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (holding that "forfeitures—payments in kind—are . . . 'fines' if they constitute punishment for an offense" (citation modified)), Johnson argues that the district court erred by not advising him that he could face a forfeiture judgment in an amount exceeding the $1,000,000 maximum fine specified in 18 U.S.C. § 1344. We are unpersuaded. In *Bajakajian*, the Supreme held that a forfeiture is "a 'fine' within the meaning of the [Eighth Amendment's] Excessive Fines Clause," not that a forfeiture is a fine within the meaning of a defendant's statute of conviction. *Id.* at 334.

4

Indeed, the Supreme Court recognized that forfeiture is "an additional sanction" authorized under its own statutes. *Id.* at 328. We therefore conclude that the district court did not err, let alone plainly so, by advising Johnson that he was subject to a maximum fine of $1,000,000 and could be required to forfeit property involved in the bank fraud offense.

Turning to Johnson's appeal waiver, we will uphold an appeal waiver if the record establishes (1) that the defendant knowingly and intelligently waived his right to appeal, and (2) that the issues raised on appeal fall within the waiver's scope. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "Whether a defendant knowingly and intelligently agreed to waive his right of appeal must be evaluated by reference to the totality of the circumstances." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (citation modified). Generally, however, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

We have reviewed the record and conclude that Johnson's appeal waiver is valid. Furthermore, Johnson's challenge to the constitutionality of the forfeiture money judgment falls within the broad scope of the waiver, which bars him from appealing his conviction and sentence for bank fraud on any ground except for ineffective assistance of counsel or prosecutorial misconduct. *See Boutcher*, 998 F.3d at 605 n.3 (noting that "forfeiture in a criminal case constitute[s] part of the defendant's sentence"). Accordingly, we will enforce the appeal waiver as to Johnson's constitutional claim. *See id.* at 606-08 (concluding that defendant validly waived right to challenge forfeiture's constitutionality on appeal).

5

In addition to his constitutional challenge to the forfeiture judgment, Johnson argues that the district court exceeded its statutory authority in entering a forfeiture money judgment of over $1,000,000. One exception to the general enforceability of appeal waivers "permits us to review claims that the district court's sentence . . . exceeded the court's statutory authority." *Taylor-Sanders*, 88 F.4th at 523. Johnson "attempts to frame" his challenge to the amount of the judgment "as falling under this exception," but we conclude that it does not. *Id.* at 523-24. Johnson does not dispute that the district court had authority to enter the forfeiture judgment under 18 U.S.C. § 982(a)(2)(A), which governs forfeitures for violations of § 1344 and does not limit the amount of forfeiture a court may order. Instead—again relying on the Supreme Court's decision in *Bajakajian*—Johnson argues that the district court could not impose a forfeiture judgment greater than the $1,000,000 maximum fine set forth in § 1344. In other words, he contends "that the district court misinterpreted the definition of ['fine'] in § [1344]" to exclude forfeiture and "by doing so erroneously increased the amount of [forfeiture] it ordered." *Taylor-Sanders*, 88 F.4th at 524. Because Johnson's appeal waiver bars this sort of claim of "legal error," we will enforce the waiver as to his challenge to the amount of the forfeiture. *Id.*

Finally, our decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025), forecloses Johnson's as-applied challenge to the constitutionality of his § 922(g)(1) conviction. *See id.* at 702 (concluding that recent Supreme Court decisions do not "abrogate[] this court's precedent foreclosing as-applied challenges to [§] 922(g)(1)" (citation modified)). Accordingly, we grant the Government's motion to dismiss in part as to Johnson's challenges to his bank fraud sentence, deny the

6

motion in part, affirm Johnson's convictions, and deny as moot the Government's motion to sever. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*