**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4568**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOHEEB ODOFFIN,

Defendant - Appellant.

**No. 17-4581**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAFEEZ ODOFFIN,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News.  Raymond A. Jackson, District Judge.  (4:16-cr-00049-RAJ-LRL-2; 4:16-cr-00049-RAJ-LRL-4)

Submitted:  March 30, 2018                                    Decided:  April 6, 2018

Before MOTZ, KING, and DIAZ, Circuit Judges.

_____

No. 17-4568, affirmed in part, dismissed in part; No. 17-4581, dismissed by unpublished per curiam opinion.

_____

Rebecca S. Colaw, REBECCA S. COLAW, PC, Suffolk, Virginia; Melissa J. Warner, LAW OFFICE OF MELISSA J. WARNER, Glen Allen, Virginia, for Appellants. Brian James Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toheeb Odoffin and Hafeez Odoffin seek to appeal the sentences imposed following their guilty pleas to conspiracy to commit mail, bank, and wire fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). Both Appellants dispute the amount of loss attributed to them by the district court. In addition, Toheeb Odoffin argues that his sentence is substantively unreasonable because the district court, motivated by anti-immigrant bias, imposed an excessive sentence that failed to account for lesser sentences received by other perpetrators of fraud. Finally, Hafeez Odoffin contends that the court did not adequately consider the 18 U.S.C. § 3553(a) (2012) sentencing factors. The Government has moved to dismiss the appeals as barred by the appeal waivers included in Appellants' plea agreements. For the reasons that follow, we grant the Government's motion to dismiss Hafeez Odoffin's appeal and grant the Government's motion to dismiss Toheeb's appeal in part, deny the motion to dismiss as to his judicial bias claim, and affirm Toheeb's judgment as to that claim.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." *Id.* (internal quotation marks omitted). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including

3

the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted).

Upon review of the plea agreements and the Fed. R. Crim. P. 11 hearing transcripts, we conclude that both Appellants knowingly and voluntarily waived the right to appeal. We further find that the issues Hafeez Odoffin seeks to raise fall squarely within his valid appeal waiver.

As to Toheeb Odoffin, his appeal waiver too is valid and enforceable, and only one claim is not foreclosed by his appellate waiver. Specifically, his claim that his sentence was based on a constitutionally impermissible factor is not subject to waiver. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *see United States v. Bakker*, 925 F.2d 728, 740 (4th Cir. 1991) (listing national origin as constitutionally impermissible sentencing factor). However, the record contains no evidence to support his contention that the district court enhanced his sentence because of his national origin.

Accordingly, we grant the Government's motion to dismiss Hafeez Odoffin's appeal. We grant the Government's motion to dismiss Toheeb Odoffin's appeal in part, but we deny the motion as to his judicial bias claim and affirm Toheeb Odoffin's criminal judgment as to that claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*No. 17-4568, AFFIRMED IN PART,*
*DISMISSED IN PART;*
*No. 17-4581, DISMISSED*

4