**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4734**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAVAREZ LEE BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00058-WO-1)

Submitted:  June 14, 2018                         Decided:  June 18, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavarez Lee Brown appeals his convictions and 180-month sentence imposed following his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, counsel for Brown has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Brown received ineffective assistance of counsel, whether the record contains evidence of prosecutorial misconduct, and whether Brown's sentence exceeded the statutory maximum or was predicated on an unconstitutional sentencing factor. Although notified of his right to do so, Brown has not filed a pro se supplemental brief. Relying on the appellate waiver contained in Brown's plea agreement, the Government has moved to dismiss any issues that Brown did not expressly reserve. For the reasons that follow, we affirm in part and dismiss in part.

"An appellate waiver is valid if the defendant knowingly and intelligently agreed to it." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). A valid appeal waiver is generally enforceable as to issues that fall within its scope. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that Brown's appeal waiver is valid and, therefore, enforceable. However, because Brown expressly reserved the right to appeal the issues that *Anders* counsel raises, we cannot dismiss this portion of the appeal on the basis of the appeal waiver.

Nevertheless, we find that none of these issues warrants relief. First, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that this claim should be raised, if at all, in a § 2255 motion. Next, nothing in the record suggests that the Government engaged in prosecutorial misconduct. Finally, Brown's sentence neither exceeded the statutory maximum nor was based on any impermissible sentencing factors.

In accordance with *Anders*, we have reviewed the entire record in this case for any potentially meritorious issues that might fall outside the scope of the waiver and have found none. We therefore grant the Government's motion and dismiss the appeal as to any issues falling within the compass of Brown's appellate waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*