**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4334**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RICO MONTELL REID, a/k/a Deuce,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:17-cr-00562-PMD-1)

Submitted: November 30, 2018              Decided: December 14, 2018

Before KING and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Emily Evans Limehouse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rico Montell Reid seeks to appeal his 240-month sentence imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement following a guilty plea to carrying a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A)(i) (2012), possession with intent to distribute heroin, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012).  On appeal, Reid argues that his plea was involuntary because the district court impermissibly participated in plea negotiations and that the district court erred in determining drug quantity for sentencing purposes.  The Government has invoked the appellate waiver provision of Reid's plea agreement.  In response, Reid argues that his claim that his plea was involuntary is outside the scope of his waiver.

We review the validity of a defendant's waiver of appellate rights de novo.  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018), *cert. denied*, __ S. Ct. __, No. 18-6304, 2018 WL 5017623 (U.S. Nov. 13, 2018).  "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent."  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Id.*

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Reid knowingly and voluntarily waived his right to appeal his convictions

and sentence, reserving only the right to appeal or raise in a 28 U.S.C. § 2255 (2012) motion claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect his sentence. However, an appeal waiver does not include "claims that if true, would render the plea itself unknowing or involuntary." *McCoy*, 895 F.3d at 363. We conclude that Reid's argument that the district court improperly participated in plea negotiations is such a claim and therefore is not barred by the waiver.

Because Reid did not assert in the district court that the court impermissibly participated in the plea negotiations, we review for plain error. *See United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014). Having reviewed the transcript of the Rule 11 and sentencing hearings, we conclude that the court did not improperly participate in the plea negotiations. Accordingly, we affirm Reid's convictions. Reid's challenge to the district court's drug quantity determination falls squarely within the scope of the appeal waiver, and we thus dismiss that portion of the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3