**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4480**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY BRANDON MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00144-RJC-DSC-1)

Submitted:  April 18, 2019                                      Decided:  April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry Brandon Moore, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Brandon Moore pled guilty pursuant to a plea agreement to two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c) (2012). The district court sentenced him to 27 months in prison. He timely appealed.

The Government filed a motion to dismiss the appeal on the basis of an appellate waiver provision in Moore's plea agreement. In the plea agreement, Moore agreed to waive his right to challenge his conviction or sentence on any ground, except for appeals based on ineffective assistance of counsel or prosecutorial misconduct. Moore also explicitly reserved his right to appeal the district court's denial of his motion to dismiss the indictment.

An appellate waiver is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Because Moore's appeal challenges the district court's denial of his motion to dismiss the indictment, we conclude that Moore's appeal falls outside the scope of the appellate waiver provision, and we deny the Government's motion to dismiss the appeal.

We grant Moore's motion to file a pro se brief. In that brief, Moore argues that the district court should have granted his motion to dismiss because 18 U.S.C. § 876(c) is not a valid law—only prima facie evidence of law—and that Congress exceeded its constitutional authority in enacting Title 18 of the United States Code. These arguments are meritless. *See U.S. Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers AFL-CIO*, 413 U.S. 548, 550 n.1 (1973) (noting that Title 18 has been enacted into positive law);

2

*United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (describing argument that Title 18 of the United States Code is unconstitutional as "unbelievably frivolous" and ordering attorney who made the argument to show cause why he should not be sanctioned for professional misconduct).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*