# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4559**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAUN SCOTT CARTER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. David A. Faber, Senior District Judge.  (5:18-cr-00054-1)

_____

Submitted:  September 3, 2019                                      Decided:  September 13, 2019

_____

Before WILKINSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.   Michael B. Stuart, United States Attorney, Charleston, West Virginia, Timothy D. Boggess, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashaun Scott Carter pled guilty pursuant to a written plea agreement to conspiracy to manufacture, distribute, and possess with intent to distribute, 28 grams or more of cocaine base, and distribute and possess with intent to distribute more than 100 grams of heroin, a quantity of cocaine, and a quantity of fentanyl. The district court sentenced Carter to 121 months' imprisonment and 5 years of supervised release.

On appeal, Carter challenges the calculation of his drug weight, the quantity of drugs attributed to him, and the application of a three-level enhancement for his managerial role. The government contends that the claims are barred by the appellate waiver in Carter's plea agreement. We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). We will enforce a waiver if it is valid and the issue appealed falls within the scope of the waiver. *United States v. Davis*, 689 F.3d 349, 355 (4th Cir. 2012) (per curiam). A waiver is valid if it is knowing and voluntary, considering the totality of the circumstances. *Copeland*, 707 F.3d at 528. Carter does not dispute the validity of his appeal waiver, and upon review of the record, we conclude that Carter's appellate waiver was both knowing and voluntary. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). We further find that Carter's claims fall squarely within the scope of his valid appeal waiver, foreclosing review.

Carter next asserts that trial counsel was ineffective for failing to object to the disparate treatment of cocaine base and cocaine powder. While the appeal waiver does not preclude this claim, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record."

2

*United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). As the record does not conclusively establish that trial counsel was ineffective, this claim should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See id.* at 507-08.

Accordingly, we dismiss Carter's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*