**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4680**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN DAVID PETERS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:19-cr-00002-GMG-RWT-1)

Submitted: February 18, 2020                    Decided: February 20, 2020

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Jeffrey A. Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin David Peters pled guilty, pursuant to a written plea agreement, to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2018), and the district court sentenced him to 18 months' imprisonment and 45 years' supervised release. In his sole claim on appeal, Peters argues that the district court erred when it determined the Sentencing Guidelines range for his term of supervised release was five years to life rather than a single term of five years. The Government contends that we should dismiss the appeal as barred by Peters' waiver of the right to appeal included in the plea agreement.

An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Our review of the Rule 11 colloquy and the plea agreement confirms that Peters knowingly and voluntarily waived his right to appeal any sentence and that Peters' claim

that the district court miscalculated his Sentencing Guidelines range falls squarely within the scope of the waiver. We therefore enforce the appellate waiver and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*