**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4723

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

JAQUAL MONTIE KOONCE, a/k/a Little Haiti,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, Chief District Judge.  (4:18-cr-00078-BO-1)

Submitted:  July 23, 2020                                             Decided:  July 27, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, PA, Winston-Salem, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaqual Montie Koonce pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2018), distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2018). The district court sentenced Koonce to 240 months in prison: concurrent 180-month terms for the drug offenses—within Koonce's Sentencing Guidelines range of 168 to 210 months—and a consecutive, statutory-minimum term of 60 months for the firearms offense.

Koonce appeals, and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Koonce's guilty plea, and whether the sentence is procedurally unreasonable. Although notified of his right to do so, Koonce has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver in Koonce's plea agreement. We affirm in part and dismiss in part.

A guilty plea is valid if it represents a knowing, intelligent, and voluntary choice by a defendant who is aware of the likely consequences of his plea. *United States v. Fisher*, 711 F.3d 460, 464-65 (4th Cir. 2013). Because Koonce did not attempt to withdraw his guilty plea in the district court, we review the validity of the plea for plain error, and may vacate the plea only if Koonce shows there is a reasonable probability he would not have pleaded guilty but for the district court's errors. *See United States v. Sanya*, 774 F.3d 812,

2

815-16 (4th Cir. 2014). Although the district court overlooked some of Rule 11's requirements in accepting Koonce's plea, we conclude based on our review that there is no suggestion in the record that, if not for the court's omissions, Koonce would not have pleaded guilty. The district court substantially complied with Rule 11 in accepting the guilty plea, ensuring that Koonce entered the plea knowingly and voluntarily, and that it was supported by a factual basis. Koonce's guilty plea was therefore valid.

We review the validity of Koonce's appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). A defendant must knowingly and intelligently agree to an appeal waiver; the waiver is generally valid and enforceable if the district court questions the defendant regarding the appeal waiver during the Rule 11 colloquy and the defendant understands its significance. *See id.* The plea colloquy confirms that Koonce knowingly and intelligently waived his right to appeal his conviction and sentence on any ground but for a sentence imposed above the Guidelines range established at Koonce's sentencing. Because Koonce's sentence was within his Guidelines range, we conclude that the appeal waiver bars any challenge to his sentence. Accordingly, we grant the Government's motion in part and dismiss the appeal as to Koonce's sentencing claim and any other issues within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Koonce's appeal waiver. We therefore dismiss the appeal in part and affirm the district court's judgment as to all issues not barred by the appeal waiver. This court requires that counsel inform Koonce, in writing, of the right to petition the Supreme Court of the United States for further review.

If Koonce requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Koonce.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*