**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4806**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY DALLAS AYERS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:18-cr-00389-HMH-1)

Submitted:  March 25, 2021                                  Decided:  April 5, 2021

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

William Glenn Yarborough, III, WILLIAM G. YARBOROUGH III, ATTORNEY AT LAW, LLC, Greenville, South Carolina, for Appellant.  Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Dallas Ayers pleaded guilty, pursuant to a written plea agreement, to using, attempting to use, and threatening to use a weapon of mass destruction against a person and property within the United States, in violation of 18 U.S.C. § 2332a; discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (c)(3)(A) (Count 2); and using an explosive to commit a felony and carrying an explosive during the commission of a felony, in violation of 18 U.S.C. § 844(h) (Count 3). The district court sentenced Ayers to 361 months' imprisonment. On appeal, Ayers challenges the validity of his guilty plea, the Government's compliance with the plea agreement, and the reasonableness of his sentence. The Government has moved to dismiss Ayers' appeal based upon a waiver of appellate rights in the plea agreement. We affirm in part and dismiss in part.

We conclude that the appeal waiver contained in Ayers' plea agreement is valid, as Ayers entered it knowingly and voluntarily.[1] *See United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). Ayers waived the right to appeal his convictions and sentence, with certain exceptions not applicable here. Accordingly, we grant the Government's motion to dismiss in part and dismiss Ayers' appeal as to two issues. Specifically, we dismiss

---

[1] Ayers asserts that his appeal waiver is unenforceable because, inter alia, his trial counsel rendered ineffective assistance by withholding discovery from him. We conclude that trial counsel's ineffectiveness does not "conclusively appear[] on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Ayers thus may not avoid the application of the appeal waiver through his claim of ineffective assistance of counsel.

Ayers' claims that his sentence is procedurally unreasonable because the district court failed to adequately explain its chosen sentence and that his sentence is substantively unreasonable because the district court failed to properly weigh the mitigating facts in this case. We deny the motion to dismiss, however, as to Ayers' remaining claims that his guilty plea is not knowing and voluntary, that the Government breached the plea agreement, and that his sentence is based on a constitutionally impermissible factor, that is, his actual or perceived religion. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (recognizing that certain claims cannot be waived by plea agreement).

Although Ayers agreed to waive the right to appeal his convictions in his plea agreement, a defendant cannot waive a colorable claim that his guilty plea is not knowing and voluntary. *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Accordingly, Ayers' appeal waiver does not foreclose our review of the validity of his guilty plea. Because Ayers did not challenge the knowing and voluntary nature of his guilty plea in the district court, we assess the issue for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). We have reviewed the record and discern no plain error in the district court's finding that Ayers' guilty plea is knowing and voluntary. We therefore conclude that Ayers' guilty plea is valid.

Next, Ayers asserts that the Government breached the plea agreement by failing to object to the district court's imposition of consecutive sentences on Count 2 and Count 3. This issue is also not barred by the appeal waiver. *See Tate*, 845 F.3d at 574-75. However, because Ayers "did not challenge the [G]overnment's purported breach of the plea agreement before the district court," we review his claim for plain error. *United States v.*

*Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). "Under that standard, [Ayers] must show that the [G]overnment plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286-87. We are satisfied that the Government did not breach the plea agreement, let alone plainly so. Nothing in the plea agreement required the Government to object to the consecutive sentences. Moreover, Ayers has not shown that the Government's failure to object affected his substantial rights because—as the plea agreement explains—the statutes prescribing the sentences for Count 2 and Count 3 require that the sentences for those offenses run consecutive to any other sentence. *See* 18 U.S.C. §§ 844(h), 924(c)(1)(A)(iii).

Finally, Ayers contends that his sentence is both procedurally and substantively unreasonable because the district court "strong[ly] focus[ed] on [Ayers'] alleged ties to Islamic terrorism" during the sentencing hearing. (Appellant's Br. (ECF No. 27) at 9). Ayers thus asserts that his sentence is infected by animus against those who practice Islam, in violation of his First and Fifth Amendment rights. The appeal waiver does not prevent our review of this issue. *See United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012).

The Supreme Court has recognized that it is "constitutionally impermissible" for a court to use a defendant's religion against him at sentencing. *Zant v. Stephens*, 462 U.S. 862, 885 (1983); *accord Deyton v. Keller*, 682 F.3d 340, 346 (4th Cir. 2012) ("The Supreme Court's decision in *Zant* bars a sentencing judge from relying on the religion . . . of the defendant in determining the appropriate term of imprisonment." (internal quotation

4

marks omitted)); *see also* U.S. Sentencing Guidelines Manual § 5H1.10, p.s. (2018) (providing that defendant's religion is "not relevant in the determination of a sentence"). We conclude that the district court did not contravene that principle when sentencing Ayers. The district court's mention of Ayers' apparent interest in a fringe group of terrorists who commit violent acts in the name of a particular religion was appropriate given the nature and circumstances of Ayers' offenses.[2] Importantly, the district court's comments do not remotely reflect bias against persons who practice that religion or against Ayers in particular for perhaps practicing that religion.[3]

For those reasons, we dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[2] We reject Ayers' contention that the district court erred by mentioning "Islamic terrorism" because "[t]here was no evidence presented in this case that [Ayers] had any ties to Islamic terrorist groups." (Appellant's Br. at 8-9). The district court had a basis for mentioning "Islamic terrorism"—that is, the Government produced evidence that Ayers included a picture and written statements referencing Islam with the explosive devices and hoax explosive devices that he constructed and planted throughout Anderson County, South Carolina.

[3] We observe that, in his opening brief, Ayers denies having ever practiced Islam.