**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4262**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JIMMY DORSETT SPELLER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Dever III, District Judge. (2:20-cr-00002-D-1)

Submitted: December 21, 2021                    Decided: December 22, 2021

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Dorsett Speller appeals the 180-month sentence imposed following his guilty plea to distribution and possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Speller's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Speller's sentence. Although notified of his right to file a supplemental pro se brief, Speller has not done so. The Government now moves to dismiss the appeal as barred by the appeal waiver included in Speller's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

Our review of the record confirms that Speller knowingly and intelligently executed the appeal waiver, the terms of which preclude Speller from appealing whatever sentence

the district court imposed. Thus, we conclude that the waiver bars Speller's challenge to the substantive reasonableness of his sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This court requires that counsel inform Speller, in writing, of the right to petition the Supreme Court of the United States for further review. If Speller requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Speller.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*