**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4331**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KAMAL DORCHY, a/k/a Kamal Goodwyn, a/k/a KG, a/k/a KJ,

                    Defendant – Appellant.

**No. 21-4480**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KAMAL DORCHY, a/k/a Kamal Goodwyn, a/k/a KG, a/k/a KJ,

                    Defendant - Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:18-cr-00172-GLR-1)

Submitted:  January 20, 2022                     Decided:  January 24, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam.

Charles N. Curlett, Jr., ROSENBERG MARTIN GREENBERG LLP, Baltimore, Maryland, for Appellant. Adam Kenneth Ake, Greenbelt, Maryland, Jeffrey J. Izant, Assistant United States Attorney, Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kamal Dorchy pled guilty, pursuant to a written plea agreement, to conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and was sentenced to 96 months' imprisonment, followed by 15 years of supervised release. In these consolidated appeals, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court properly complied with Fed. R. Crim. P. 11 in accepting Dorchy's guilty plea, whether his sentence is reasonable, and whether the condition of his supervised release that prohibits Dorchy from viewing pornography is valid. Dorchy has filed a pro se supplemental brief also challenging the validity of this condition of supervised release. The Government seeks to dismiss the appeals based on the appeal waiver included in Dorchy's plea agreement. For the reasons that follow, we dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant

3

understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

Our review of the record confirms that Dorchy knowingly and intelligently executed the appeal waiver, the terms of which preclude Dorchy from appealing whatever sentence the district court imposed. Thus, we conclude that the waiver bars Dorchy's challenges to the reasonableness of his sentence and the conditions of his supervised release.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This court requires that counsel inform Dorchy, in writing, of the right to petition the Supreme Court of the United States for further review. If Dorchy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dorchy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*