**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4513

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARLAND EDWARD MORHEAD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cr-00412-CCE-1)

Submitted:  May 10, 2022                                     Decided:  July 21, 2022

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Mark R. Sigmon, MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Raleigh, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garland Edward Morehead, Jr., appeals his convictions and 192-month sentence imposed following his guilty pleas to possession of a firearm by a convicted felon (Counts 1 and 4), in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute a quantity of heroin (Count 2), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  On appeal, Morehead's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Morehead's sentence.  The Government then moved to dismiss based on the appeal waiver contained in Morehead's plea agreement.  For the reasons that follow, we dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo.  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver."  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently."  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).

Our review of the record confirms that Morehead's appeal waiver is valid and enforceable.  We conclude, however, that the waiver applies only to Count 4.  As relevant here, Morehead initially pleaded guilty, without a plea agreement, only to Counts 1 and 2.  Later, in exchange for the Government's dismissal of another charge, Morehead opted to plead guilty to Count 4—a deal memorialized in the plea agreement.  Importantly, the

2

agreement unambiguously used the singular forms of "conviction" and "sentence" when defining the waiver's scope. Moreover, other than a brief description of the counts charged in the indictment, the plea agreement made no mention of Counts 1 and 2, thereby suggesting that those counts were not part of the parties' bargain. So, applying general principles of contract law and construing any ambiguities against the Government, *see United States v. Boutcher*, 998 F.3d 603, 608–09 (4th Cir. 2021), we find that the appeal waiver does not bar Morehead's appeal as to Counts 1 and 2. Accordingly, we grant the Government's motion to dismiss only as to Count 4.

Turning to the unwaived portion of this appeal, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Here, after correctly calculating a Sentencing Guidelines range of 210 to 262 months, the district court imposed a downward variance sentence of 192 months. Such a below-Guidelines sentence is presumptively reasonable, *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014), and we see nothing in the record that rebuts that presumption or suggests any procedural error in the carceral portion of Morehead's sentence.

Finally, when conducting our initial *Anders* review, we directed the parties to file supplemental briefing on the issue of whether the district court procedurally erred by failing to explain the bases for imposing the discretionary conditions of supervised release. Upon review, we are satisfied that no reversible error occurred.

When imposing discretionary conditions of supervised release, a district court must provide some explanation as to why the conditions are warranted. *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021). "The degree of explanation required—the appropriateness

3

of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *Id.* (cleaned up). At bottom, "a sentencing court must always offer enough of an explanation to satisfy us that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Id.* at 559 (cleaned up). As relevant here, a court must specifically explain the bases for a discretionary condition of supervised release unless (1) the reasons are "self-evident," (2) the defendant did not raise any nonfrivolous objections to the condition, and (3) the court provided an adequate explanation for the sentence as a whole. *Id.* (internal quotation marks omitted).

As an initial matter, we conclude that the district court adequately explained the sentence as a whole and that Morehead preserved no objection to any of the discretionary conditions of supervised release. Thus, the only remaining question is whether the bases for these conditions are self-evident. On this point, Morehead challenges conditions requiring him to submit to warrantless searches (Special Condition 1), to provide his probation officer with any requested financial information (Special Condition 4), and to support his dependents and comply with any child support orders (Special Condition 5).[*]

---

[*] Morehead's counsel concedes that the reasons for the other two special conditions are self-evident. However, counsel neglects to address the 13 standard but discretionary conditions imposed on Morehead. If counsel believes the reasons for these conditions are self-evident, he should have said so. *See United States v. Bernard*, 927 F.3d 799, 804 n.2 (4th Cir. 2019) (discussing *Anders* counsel's "inexplicabl[e]" failure to address issue on which this Court ordered briefing). In any event, upon our own review, we discern no reversible error in the imposition of the standard conditions.

4

In the presentence report (PSR), which the district court adopted without change, the probation officer recommended Special Condition 1 due to Morehead's history of committing violent offenses and possessing drugs and firearms. And as to Special Condition 4, the probation officer noted the need to ensure that Morehead earned income through lawful means—an especially important concern given Morehead's spotty work history and prior convictions for possession with intent to sell controlled substances. Indeed, the district court echoed this concern in explaining the reason for imposing this special condition: It was meant "to be sure he's earning a living through lawful means." J.A. 98. Based on these considerations, we conclude that the reasons for these two conditions are self-evident or adequately explained.

Regarding Special Condition 5, Morehead told his probation officer that he was subject to a child support order for his minor daughter, yet the child's mother disputed Morehead's paternity. Because there is at least some evidence—i.e., Morehead's own account—that Morehead has a child to whom he owes support, we cannot say that the district court clearly erred on this point. *See United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022) (stating standard of review for factual findings at sentencing). Consequently, we conclude that the court did not reversibly err in imposing Special Condition 5.

Accordingly, we grant the Government's motion in part, dismissing the appeal as to Count 4 and affirming the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

5

*DISMISSED IN PART,*
*AFFIRMED IN PART*