**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4510

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRENDA JOYCE HALL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:20-cr-00218-BR-1)

Submitted:  March 17, 2023                                      Decided:  May 19, 2023

Before RICHARDSON and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Joyce Hall pleaded guilty, pursuant to a written plea agreement, to a single-count information charging her with misprision of a felony, in violation of 18 U.S.C. § 4. Hall's conviction stemmed from her failure to report and actions to conceal a federal student loan fraud scheme. The district court sentenced Hall to five years of probation and ordered her to pay $727,957 in restitution to the United States Department of Education. On appeal, Hall argues that the district court lacked authority to order restitution for her offense under the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, §§ 201-11, 110 Stat. 1214, 1227-41 (codified in relevant part at 18 U.S.C. § 3663A). The Government has moved to dismiss Hall's appeal as barred by the appeal waiver contained in the plea agreement.[1] For the reasons stated below, we deny the Government's motion to dismiss and affirm the district court's judgment.

Hall does not contest that her appeal waiver is valid, and our independent review confirms the validity of Hall's waiver of appellate rights. *See United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) ("Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."). Hall also acknowledges that restitution is a part of a defendant's sentence and that a defendant's waiver of her right to appeal her sentence, like Hall's

---

[1] We deferred action on the Government's motion to dismiss pending the completion of briefing.

2

waiver, generally encompasses a challenge to a restitution order. *United States v. Cohen*, 459 F.3d 490, 496-97 (4th Cir. 2006).

But Hall argues that the appeal waiver does not preclude our review of her challenges to the restitution aspect of her sentence because they implicate the district court's authority to order restitution under the MVRA.[2]  Hall correctly observes that we have recognized a "narrow class of claims" that may be raised on direct appeal "despite a general waiver of appellate rights." *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005).  And that narrow class includes challenges to restitution orders imposed beyond the statutory authority of the district court and that are thus "illegal." *United States v. Boutcher*, 998 F.3d 603, 609 (4th Cir. 2021).  Because Hall's arguments on appeal question the district court's statutory authority to impose restitution, we conclude that they are outside the appeal waiver, and we deny the Government's motion to dismiss.

On the merits, we are satisfied that the district court had the statutory authority to impose restitution.  The district court imposed restitution under the MVRA.  As relevant here, the MVRA requires district courts to order restitution for certain offenses, 18 U.S.C. § 3663A(a)(1), such as "an offense against property" under Title 18—"including any offense committed by fraud or deceit"—that results in "an identifiable victim" suffering a "pecuniary loss," *id.* § 3663A(c)(1)(A)(ii), (c)(1)(B).  And the MVRA defines a "victim"

---

[2] Hall does not argue that any of the exceptions to the appeal waiver in the plea agreement apply.

3

as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2).

In assessing whether an offense is "an offense against property," we employ a fact-specific approach that considers the circumstances of the defendant's offense.[3] *United States v. Ritchie*, 858 F.3d 201, 209-11 (4th Cir. 2017). Using that approach here, we are satisfied that Hall's offense is "an offense against property" that was committed through "fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Hall's offense also directly and proximately harmed the Department of Education and caused it to suffer a pecuniary loss. *See id.* § 3663A(a)(2), (c)(1)(B).

To explain, Hall created fake high school transcripts that allowed others to enroll in college and obtain federal student aid from the Department of Education to which they were not entitled. Hall also helped some of those people fill out college enrollment applications, completed their coursework so that they would not be disenrolled, and accessed their bank accounts to transfer student loan refunds to bank accounts that were used to fund a cult of which Hall was a member. Hall's fraudulent and deceitful conduct caused the Department of Education to disburse $727,957 in federal student aid to students who were not qualified to receive such aid. Based on those facts, the district court had the

---

[3] In her reply brief, Hall asserts that our fact-specific approach contravenes *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). But we have held that *Apprendi* does not apply to restitution orders. *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012). And we have rejected Hall's proposed alternative, i.e., the categorical approach. *Ritchie*, 858 F.3d at 209-11. We are bound by those prior decisions. *See McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc) ("[O]ne panel cannot overrule another.").

4

authority to order Hall to pay restitution to the Department of Education under the MVRA.[4]

*See United States v. Marino*, 654 F.3d 310, 311, 321-24 (2d Cir. 2011) (affirming restitution order under MVRA where defendant was convicted of misprision of a felony).

Accordingly, we deny the Government's motion to dismiss and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] Hall summarily suggests that the district court could not have ordered restitution under the "offense against property" provision of the MVRA because it requires an "identifiable victim" and misprision of a felony is a "semi-inchoate crime" that has no victim. Appellant's Br. at 8. But Hall's opening brief neither expands upon this suggestion nor identifies any supporting authority. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of brief to include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Hall also argues that the plea agreement is not specific enough to support the district court's imposition of restitution. *See* 18 U.S.C. § 3663A(a)(3) (authorizing district court to order restitution to person who is not "victim" if plea agreement so provides). We need not resolve this argument, however, given our conclusion that the district court could order restitution under the "offense against property" provision of the MVRA.