**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4478**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

LUTHER MOODY TRENT,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, Senior District Judge.  (1:22-cr-00111-ELH-1)

———————

Submitted:  May 23, 2023                      Decided:  May 25, 2023

———————

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

———————

**ON BRIEF:** Gerald C. Ruter, LAW OFFICES OF GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant.  Michael Clayton Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luther Moody Trent appeals his conviction and the 144-month sentence imposed following his guilty plea to malicious destruction of property by fire, in violation of 18 U.S.C. § 844(i). On appeal, Trent's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Trent validly waived his right to appeal and whether the Government engaged in vindictive prosecution. Though notified of his right to do so, Trent has not filed a pro se supplemental brief. The Government now moves to dismiss based on the appeal waiver contained in Trent's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

Our review of the record confirms that Trent knowingly and intelligently executed the appeal waiver, the terms of which broadly preclude him from appealing his conviction

and sentence. Thus, we grant the Government's motion to dismiss as to any issues falling within the waiver's scope.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This court requires that counsel inform Trent, in writing, of the right to petition the Supreme Court of the United States for further review. If Trent requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Trent.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] We note that the vindictive prosecution claim, which concerns the Government's decision to bring the instant charge, was waived when Trent entered a valid guilty plea. *See United States v. Lozano*, 962 F.3d 773, 778 (4th Cir. 2020) ("[W]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." (internal quotation marks omitted)).