**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4418**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL JARRELL CHAPMAN, a/k/a Boo Bang,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:21-cr-00257-FL-1)

─────────────

Submitted:  January 30, 2024                           Decided:  February 5, 2024

─────────────

Before KING, AGEE, and THACKER, Circuit Judges.

─────────────

Dismissed in part and remanded with instructions by unpublished per curiam opinion.

─────────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Jarrell Chapman appeals the 151-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute quantities of heroin, fentanyl, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); 846; and distribution of quantities of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  On appeal, Chapman asserts that the district court erred by failing to address each of his arguments for a lower sentence.  The Government moves to dismiss this claim based on the appeal waiver provision in Chapman's plea agreement.  In response, Chapman contends that the waiver is invalid because the magistrate judge did not adequately explain its terms at the Fed. R. Crim. P. 11 hearing.

We review the validity of an appeal waiver de novo.  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver."  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently."  *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010).  "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Thornsbury*, 670 F.3d at 537.

Contrary to Chapman's argument, we conclude that the magistrate judge sufficiently reviewed and confirmed Chapman's understanding of the appeal waiver provision, the

2

terms of which broadly preclude him from appealing his sentence.  Thus, we grant the Government's motion to dismiss Chapman's challenge to his custodial sentence.  Finally, Chapman contends—and the Government agrees—that a limited remand is necessary to correct the written judgment, which is inconsistent with the court's oral pronouncement.[*]

Accordingly, we grant the Government's motion, dismiss the appeal in part, and remand to the district court with instructions to correct the written judgment to conform to the court's oral pronouncement that Chapman "support [his] child."  The rest of the written judgment shall remain undisturbed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*REMANDED WITH INSTRUCTIONS*

---

[*] The oral pronouncement requires Chapman to support his "child" as a condition of supervised release, while the written judgment requires him to support his "dependent."

3