**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-4662**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINNON DANIELS, a/k/a Q, a/k/a Quinnon Lashaunn Daniels,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Elizabeth Kay Dillon, District Judge.  (5:20-cr-00044-EKD-1)

─────────

Submitted:  May 21, 2024                                    Decided:  May 23, 2024

─────────

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────

**ON BRIEF:** H. Eugene Oliver, EVANS OLIVER, PLC, Harrisonburg, Virginia, for Appellant.  S. Cagle Juhan, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinnon Daniels appeals the 165-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possession with intent to distribute more than 50 grams of methamphetamine and conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (C), 846. On appeal, Daniels' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Daniels knowingly and intelligently waived his right to appeal. Though notified of his right to do so, Daniels has not filed a pro se supplemental brief. The Government now moves to dismiss based on the appeal waiver contained in Daniels' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

2

We have reviewed the plea agreement and the transcript of the Rule 11 hearing and conclude that the waiver is valid and enforceable. In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver's scope or are not waivable by law. We therefore grant the Government's motion to dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment. This Court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*